IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EDUARDO LUCERO,
    Plaintiff,

v.                                                                     Civ. No. 14-393 KG/KK

ALBERT OLIVAS *et al.*,
    Defendants.

*Consolidated with*:

ISAAC RAMIREZ,
    Plaintiff,

v.                                                                     Civ. No. 14-394 KG/KK

ALBERT OLIVAS *et al.*,
    Defendants.

*Consolidated with*:

JACOB GONZALES,
    Plaintiff,

v.                                                                      Civ. No. 14-395 KG/KK

ALBERT OLIVAS *et al.*,
    Defendants.

*Consolidated with*:

DANTE WOODS,
    Plaintiff,

v.                                                                      Civ. No. 14-396 KG/KK

ALBERT OLIVAS *et al.*,
    Defendants.

### ORDER GRANTING CYFD DEFENDANTS' UNOPPOSED MOTIONS TO FILE DISPOSITIVE MOTIONS OUT OF TIME

THIS MATTER comes before the Court on three Unopposed Motions to File Dispositive Motions Out of Time filed by Defendants Albert Olivas, David Pena, Dwayne Pena, Silverio Pena, Michael Gilbert, Gilbert Martinez, Matthew Stephenson, John Sweeney, Yolanda

Berumen-Deines, and the New Mexico Children, Youth and Families Department (hereinafter "CYFD Defendants") on June 24, 2015.[1]   (Docs. 57-59.)   The Court, having reviewed the motions and being otherwise fully advised, FINDS that the motions are well-taken and should be GRANTED.

### *Background and Procedural History*

The CYFD Defendants removed the four cases at issue here from the First Judicial District Court of the State of New Mexico to this Court on April 28, 2014.  On the CYFD Defendants' unopposed motion, the Court consolidated the four cases for discovery purposes on June 19, 2014. (Doc. 15.)  On July 30, 2014, the Court issued an order setting case management deadlines.  (Doc. 24.)   This scheduling order governed all four cases, and was captioned accordingly. (*See id.*)  *Inter alia,* the scheduling order required the parties to file pretrial motions by February 12, 2015, and stated that "[a]ny pretrial motions . . . filed after the above date[] shall, in the discretion of the Court, be considered untimely."  (*Id.* at 2.)  The scheduling order also indicated that case management deadlines would not be modified "except by an order of the Court upon a showing of good cause." (*Id.*)    No party objected to the scheduling order's scope or terms.

On November 26, 2014, the CYFD Defendants filed an unopposed motion to consolidate the four cases at issue for the purpose of dispositive motions.  (Doc. 33.)  The presiding judge granted the motion in part on January 14, 2015, consolidating the four cases in their entirety, rather than for the purpose of dispositive motions only.  (Doc. 36.)  On January 22, 2015, Defendant Aragon filed a motion for judgment on the pleadings based on qualified immunity. (Doc. 37.)  Thereafter, the February 12, 2015 deadline for filing dispositive motions expired,

---

[1] The motions seek leave to file three different dispositive motions but are otherwise identical.  (*See, e.g.*, Doc. 57 at 2 n.1.)

without any party moving to extend it.  (Doc. 24.)  Only months later, on June 3, 2015, did the CYFD Defendants file an unopposed motion to reopen several case management deadlines, including the dispositive motions deadline.  (Doc. 52.)  On June 19, 2015, the Court entered an order denying that motion, based on the CYFD Defendants' failure to show good cause.  (Doc. 56.)  In the same order, however, the Court permitted the CYFD Defendants to "file one or more motions for leave to file a dispositive motion out of time . . . demonstrating good cause for failing to timely file" the dispositive motion, by June 24, 2015.  (*Id.* at 2.)   The CYFD Defendants have filed three such motions, which are now before the Court.

### *Analysis*

As noted above, the case management deadlines in the Court's scheduling order may be modified only "upon a showing of good cause."  (Doc. 24 at 2); *see* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").  "[A]pplication of the 'good cause' standard preserves the integrity and effectiveness of Rule 16(b) scheduling orders."  *O'Connell v. Hyatt Hotels of P.R.*, 357 F.3d 152, 155 (1st Cir. 2004).

> In an era of burgeoning case loads and thronged dockets, effective case management has become an essential tool for handling civil litigation.  Rule 16 provides the district courts with many of the devices necessary to manage its docket.  For Rule 16(b) to operate effectively, litigants cannot be permitted to treat a scheduling order as a frivolous piece of paper idly entered, which can be cavalierly disregarded without peril.

*Id.* (citations omitted); *Widhelm v. Wal-Mart Stores, Inc.*, 162 F.R.D. 591, 593 (D. Neb. 1995) ("Adherence to reasonable deadlines is . . . critical to maintaining integrity in court proceedings.").

Generally, "'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts."  *Mann v. Fernandez*, 615 F. Supp. 2d 1277, 1285 (D.N.M. 2009); *Gorsuch, Ltd. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (Good cause under Rule

3

16(b)(4) "requires the movant to show the scheduling deadlines cannot be met despite the movant's diligent efforts."). "Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Mann*, 615 F. Supp. 2d at 1285.

> Without attempting a rigid or all-encompassing definition of good cause, it would appear to require at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice, and some showing of good faith on the part of the party seeking the enlargement and some reasonable basis for noncompliance within the time specified is normally required.

*Broitman v. Kirkland*, 86 F.3d 172, 175 (10th Cir. 1996) (citations and emphasis omitted).

In addition to a party's diligence, courts have considered a number of other factors in determining whether there is good cause to reopen case management deadlines. *Mann*, 615 F. Supp. 2d at 1286. These factors include whether trial is imminent, whether the request to reopen is opposed, whether the non-moving party would be prejudiced, the explanation for the party's failure to meet the original deadline, and the importance of what the court would otherwise be excluding. *Id.* Whether the requested extension will interfere with effective case management or infringe on the efficient adjudication of the case is also a factor of considerable significance. *C.F. v. Capistrano Unified Sch. Dist.*, 656 F. Supp. 2d 1190, 1197 (C.D. Cal. 2009).

As an initial matter, the Court finds that the CYFD Defendants did not make diligent efforts to comply with the dispositive motions deadline in these cases. Defendants' counsel did not even realize that he had failed, without explanation, to calendar the deadline until more than a month after it had expired. (Doc. 57 at 2.) Then, instead of acting immediately to remedy this error, counsel spent another two months drafting and filing an unopposed motion to extend the deadline; half of this two-month delay is admittedly "unexplained."[2] (*Id.*) To rationalize these acts and omissions, counsel asserts that Defendant Aragon's counsel told him that the scheduling

---

[2] The Court acknowledges and commends counsel's apology for the unexplained delay. (Doc. 57 at 3.)

4

order was "not really applicable," and that Plaintiffs' counsel advised him to "just file" the dispositive motions, even though the deadline had long since expired. (*Id.* at 2-3.)  In short, the CYFD Defendants, apparently at Plaintiff's and Defendant Aragon's urging, have impermissibly treated this Court's scheduling order as "a frivolous piece of paper idly entered." *O'Connell*, 357 F.3d at 155.

Nevertheless, for reasons specific to the current status of these cases and to the three proposed dispositive motions at issue, the Court will in its discretion find that good cause exists to permit the CYFD Defendants to file the proposed motions out of time.  As noted above, in determining whether there is good cause to reopen a case management deadline, the Court may consider a number of factors in addition to a party's diligence. *Capistrano Unified Sch. Dist.*, 656 F. Supp. 2d at 1197; *Mann*, 615 F. Supp. 2d at 1286.  In the present matter, these other factors dictate that the Court should permit the CYFD Defendants to file their proposed motions out of time.  Most significantly, the filing of the proposed motions will not interfere with effective case management or infringe on the cases' efficient adjudication.  A trial has not been scheduled; Defendant Aragon's motion for judgment on the pleadings remains pending; and, the CYFD Defendants' proposed motions are ready to file and require neither additional discovery nor the alteration of any other case management deadlines.  In terms of case management, the cases will remain at the same stage and proceed at essentially the same pace whether the CYFD Defendants are permitted to file their dispositive motions or not.

In addition, neither Plaintiff nor Defendant Aragon opposes the CYFD Defendants' request to file the motions out of time, and the Court may therefore presume a lack of unfair prejudice to them.  Also, the unusual procedural posture of the case appears to have caused some confusion that, although unreasonable, all of the parties shared.  Finally, the CYFD Defendants'

proposed motions have the potential to streamline the trial of this matter, thus reducing the possibility of jury confusion and mitigating any prejudice to the Court. For all of the above reasons, the Court will permit the CYFD Defendants to file their three proposed dispositive motions (Docs. 57-1, 58-1, and 59-1) out of time.

IT IS THEREFORE ORDERED that the following motions are GRANTED: Defendant Supervisors' Unopposed Motion to File a Dispositive Motion Out of Time Based on Qualified Immunity (Doc. 57), Defendants' Unopposed Motion to File a Dispositive Motion Out of Time on Premises Liability Claims (Doc. 58), and Defendants' Unopposed Motion to File a Dispositive Motion Out of Time on Violations of the Tort Claims Act and Defendants Are Not Law Enforcement Officers (Doc. 59). The CYFD Defendants may file their proposed dispositive motions (Docs. 57-1, 58-1, and 59-1) within five (5) days of entry of this Order.

IT IS SO ORDERED.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE