**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

EDUARDO LUCERO,
    Plaintiff,

v.                                                      Civ. No. 14-393 KG/KK

ALBERT OLIVAS *et al.*,
    Defendants.

                                               *Consolidated with*:

ISAAC RAMIREZ,
    Plaintiff,

v.                                                        Civ. No. 14-394 KG/KK

ALBERT OLIVAS *et al.*,
    Defendants.

                                               *Consolidated with*:

JACOB GONZALES,
    Plaintiff,

v.                                                        Civ. No. 14-395 KG/KK

ALBERT OLIVAS *et al.*,
    Defendants.

                                               *Consolidated with*:

DANTE WOODS,
    Plaintiff,

v.                                                        Civ. No. 14-396 KG/KK

ALBERT OLIVAS *et al.*,
    Defendants.

**ORDER DENYING DEFENDANT ARAGON'S MOTION
FOR LEAVE TO FILE DISPOSITIVE MOTIONS OUT OF TIME**

THIS MATTER comes before the Court on Defendant Aragon's Motion for Leave to File Dispositive Motions and for Entry of an Amended Scheduling Order Consistent with Consolidation of Cases and Brief in Support ("Motion for Leave"), filed July 2, 2015. (Doc. 60.)

The Court, having reviewed the parties' submissions and the relevant law, having heard the arguments of counsel at a status conference on June 18, 2015 (Doc. 55), and being otherwise fully advised, FINDS that the motion is not well-taken and will be DENIED.

### *Procedural History*

Defendants removed the four cases at issue here from the First Judicial District Court of the State of New Mexico to this Court on April 28, 2014. (Doc. 1)[1]; *Ramirez v. Olivas et al.*, Civ. No. 14-394 KG/KK (Doc. 1); *Gonzales v. Olivas et al.*, Civ. No. 14-395 KG/KK (Doc. 1); *Woods v. Olivas et al.*, Civ. No. 14-396 KG/KK (Doc. 1). On the parties' joint motion, the Court consolidated the four cases for discovery purposes on June 19, 2014. (Doc. 15.) On July 30, 2014, the Court issued a Consolidated Scheduling Order setting discovery limitations and case management deadlines. (Doc. 24.) This order expressly governed all four cases, and was captioned and entitled accordingly.[2] (*See id.* at 1.) *Inter alia,* the Consolidated Scheduling Order required the parties to complete discovery by January 12, 2015, and to file dispositive motions by February 12, 2015. (*Id.* at 2.) The order also indicated that case management deadlines would not be modified "except by an order of the Court upon a showing of good cause." (*Id.*) No party objected to, or sought to clarify, the scope or terms of the Consolidated Scheduling Order.

On November 26, 2014, the parties filed a joint motion to consolidate the four cases at issue for the purpose of dispositive motions practice. (Doc. 33.) The January 12, 2015

---

[1] Citations to "Doc." are to the civil docket in *Lucero v. Olivas et al.*, Civ. No. 14-393 KG/KK, except as otherwise noted.

[2] The case management deadlines in the Consolidated Scheduling Order included not only discovery deadlines, but also deadlines for filing motions and exchanging and filing a "consolidated final Pretrial Order." (Doc. 24 at 2-3.) The Court finds unreasonable Defendant Aragon's stated belief that the order's case management deadlines, other than discovery deadlines, applied only to *Lucero v. Olivas et al.*, Civ. No. 14-393 KG/KK (Doc. 60 at 5), particularly in light of the order's reference to a single, consolidated proposed pretrial order.

2

consolidated discovery deadline expired while this motion was pending, without any party having moved to extend it. On January 14, 2015, the Court consolidated the four cases in their entirety. (Doc. 36.) Defendant Aragon timely filed a motion for judgment on the pleadings based on qualified immunity ("Qualified Immunity Motion") on January 22, 2015. (Doc. 37.) Thereafter, the February 12, 2015 consolidated deadline for filing dispositive motions expired, again without any party having moved to extend it.

Months later, on June 3, 2015, the CYFD Defendants[3] filed an Unopposed Motion to Extend [sic] Discovery Deadlines and Deadlines to File Dispositive Motions ("Motion to Reopen").[4] (Doc. 52.) On June 19, 2015, the Court issued an Order Denying Defendants' Unopposed Motion to Extend Discovery Deadlines and Deadlines to File Dispositive Motions ("Order Denying Motion to Reopen"), on the basis that no party had shown good cause to grant the motion. (Doc. 56.) In the same order, however, the Court held that it will reopen formal discovery for a limited period of time after Defendant Aragon's Qualified Immunity Motion is resolved, and will permit informal discovery by mutual agreement of all parties at any time before that. (*Id.* at 2.) The Court also permitted Defendants to "file one or more motions for leave to file a dispositive motion out of time, attaching the proposed motion as an exhibit and demonstrating good cause for failing to timely file it," the CYFD Defendants by June 24, 2015 and Defendant Aragon by July 3, 2015. (*Id.*)

---

[3] The "CYFD Defendants" are Albert Olivas, David Pena, Dwane Pena, Silverio Pena, Michael Gilbert, Gilbert Martinez, Matthew Stephenson, John Sweeney, Yolanda Berumen-Deines, and the New Mexico Children, Youth, and Families Department.

[4] The Motion to Reopen's introduction indicates that the CYFD Defendants filed the motion and that the remaining parties did not oppose it. (Doc. 52 at 1.) The motion's closing, in contrast, indicates that all of the parties filed the motion jointly. (*Id.* at 3-4.) The Court need not attempt to resolve this inconsistency because it is immaterial to the Court's decision here.

On July 2, 2015, Defendant Aragon duly filed his Motion for Leave, seeking leave to file four proposed summary judgment motions out of time, and also seeking reconsideration of the Court's Order Denying Motion to Reopen.  (Doc. 60.)  Plaintiffs filed a response to Defendant Aragon's Motion for Leave on July 15, 2015 (Doc. 65), and Defendant Aragon filed a Notice of Completion of Briefing on August 4, 2015, choosing not to reply in support of the motion.  (Doc. 67.)  Thus, Defendant Aragon's Motion for Leave is now properly before the Court.

### *Analysis*

As noted above, the case management deadlines in the Court's Consolidated Scheduling Order may be modified only "upon a showing of good cause."  (Doc. 24 at 2); *see* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").  "[A]pplication of the 'good cause' standard preserves the integrity and effectiveness of Rule 16(b) scheduling orders."  *O'Connell v. Hyatt Hotels of P.R.*, 357 F.3d 152, 155 (1st Cir. 2004).

> In an era of burgeoning case loads and thronged dockets, effective case management has become an essential tool for handling civil litigation.  Rule 16 provides the district courts with many of the devices necessary to manage its docket.  For Rule 16(b) to operate effectively, litigants cannot be permitted to treat a scheduling order as a frivolous piece of paper idly entered, which can be cavalierly disregarded without peril.

*Id.* (citations and internal quotation marks omitted); *Widhelm v. Wal-Mart Stores, Inc.*, 162 F.R.D. 591, 593 (D. Neb. 1995) ("Adherence to reasonable deadlines is . . . critical to maintaining integrity in court proceedings.").[5]

As such, courts have denied untimely-filed dispositive motions where the filing party failed to demonstrate good cause for the untimeliness.  *McElroy v. City of Macon*, 68 F.3d 437,

---

[5] Defendant Aragon asserts that the Federal Rules of Civil Procedure should be construed "to secure the just . . . determination of every action."  (Doc. 60 at 13 (quoting Fed. R. Civ. P. 1).)  Notably, however, Defendant Aragon omits two critical terms from his quotation.  Specifically, Rule 1 states that the Federal Rules of Civil Procedure should be construed "to secure the just, *speedy,* and *inexpensive* determination of every action."  Fed. R. Civ. P. 1 (emphasis added).  Requiring adherence to reasonable case management deadlines promotes all three of these judicial virtues.

437-38 (11th Cir. 1995); *Moss v. Wyeth, Inc.*, 872 F. Supp. 2d 154, 160 (D. Conn. 2012); *United States v. Hartford Fire Ins. Co.*, 112 F. Supp. 2d 1023, 1028-29 (D. Hawaii 2000).  Moreover, "motions seeking summary judgment on qualified immunity grounds are not exempt from a district court's trial management orders."  *McCabe v. Macaulay*, 545 F. Supp. 2d 857, 865-66 (N.D. Iowa 2008); *see also Edwards v. Cass County*, 919 F.2d 273, 276 (5th Cir. 1990) (denying immediate appeal on district court's denial of motion for qualified immunity on basis of untimeliness); *but see LoSacco v. City of Middletown*, 822 F. Supp. 870, 873 (D. Conn. 1993) (reaching merits of untimely-filed summary judgment motion based on qualified immunity where qualified immunity defense was raised in answer and resolution of defense before trial would reduce jury confusion).

Generally, "'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts."  *Mann v. Fernandez*, 615 F. Supp. 2d 1277, 1285 (D.N.M. 2009); *Gorsuch, Ltd. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (Good cause under Rule 16(b)(4) "requires the movant to show the scheduling deadlines cannot be met despite the movant's diligent efforts.") (internal quotation marks omitted).  "Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."  *Mann*, 615 F. Supp. 2d at 1285.

> Without attempting a rigid or all-encompassing definition of good cause, it would appear to require at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice, and some showing of good faith on the part of the party seeking the enlargement and some reasonable basis for noncompliance within the time specified is normally required.

*Id.* (emphasis omitted) (quoting *Broitman v. Kirkland*, 86 F.3d 172, 175 (10th Cir. 1996)).  In addition to a party's diligence, how the requested modification will impact effective case

management and the efficient adjudication of the case is a factor of significance.  *C.F. v. Capistrano Unified Sch. Dist.*, 656 F. Supp. 2d 1190, 1197 (C.D. Cal. 2009).

As an initial matter, the Court finds that Defendant Aragon did not make diligent efforts to comply with the dispositive motions deadline in these cases.  The dispositive motions deadline expired on February 12, 2015.  (Doc. 24 at 2.)  No party filed a motion to extend this deadline before it expired, and no party moved to reopen it until nearly fourth months *after* it expired.  (Doc. 52.)  Defendant Aragon's explanation for this protracted delay is that he believed the Court's Order Consolidating Four Common Cases ("Order Consolidating Cases") (Doc. 36) effectively vacated the Court's Consolidated Scheduling Order (Doc. 24).  (Doc. 60 at 14.)  To justify this belief, Defendant Aragon relies on two references to discovery in the Order Consolidating Cases, specifically, that consolidation would avoid "quadruplicate discovery and motion practice," and "unnecessary costs and delay associated with seeking discovery and conducting trial of identical and inter-related actions."  (Doc. 36 at 2.)  Defendant Aragon claims that he interpreted these general references to discovery to mean that the Court intended to vacate its prior Consolidated Scheduling Order and enter a new consolidated scheduling order after holding another consolidated scheduling conference.  (Doc. 60 at 7, 14.)  The fallacy of this interpretation, however, is patent.  If the Court had intended to vacate its prior Consolidated Scheduling Order and enter a new one, it would have said so directly, not by general references far more naturally, and less disruptively, interpreted as simple validation of its previous consolidation of discovery.  To assume that a court intended to vacate a scheduling order even though it never said so is, at the least, not diligent.

In addition, Defendant Aragon's failure to timely file his four proposed dispositive motions is due in part to his failure to timely take discovery, for which he offers no justification

6

at all.[6] Defendant Aragon expressly concedes that his proposed dispositive motions are even now merely "provisional . . . [b]ecause the parties have not undertaken discovery in this case." (Doc. 60-1 at 3 n.1, Doc. 60-2 at 2 n.1, Doc. 60-3 at 3 n.1, Doc. 60-4 at 2 n.1.) However, Defendant Aragon certainly could have "undertaken discovery" if he had acted diligently. Consolidated discovery was open for almost four months before the parties moved to consolidate the cases for the purpose of motions practice, and even longer before the Court consolidated the cases in their entirety and Defendant Aragon filed his Qualified Immunity Motion. (Docs. 24, 36, 37.) Defendant Aragon completely fails to explain why he took no discovery at all at any point during this substantial period of time. In light of the foregoing circumstances, the Court finds that Defendant Aragon impermissibly treated this Court's Consolidated Scheduling Order as "a frivolous piece of paper idly entered," *O'Connell*, 357 F.3d at 155, and failed to make diligent efforts to comply with it. Defendant Aragon's lack of diligence weighs heavily against a finding of good cause to allow him to file his proposed motions out of time.

Another factor that weighs heavily against permitting Defendant Aragon to file his proposed dispositive motions out of time is that these motions would do nothing to further the effective case management or efficient adjudication of this case. *Capistrano Unified Sch. Dist.*, 656 F. Supp. 2d at 1197. As noted above, Defendant Aragon's proposed motions are "provisional," "skeletal," and "without specific references to all of the documentary materials or deposition testimony that might otherwise be available at the conclusion of discovery." (Doc. 60-1 at 3 n.1, Doc. 60-2 at 2 n.1, Doc. 60-3 at 3 n.1, Doc. 60-4 at 2 n.1.) Defendant Aragon therefore "reserve[d] the right to amend" the proposed motions after "future discovery." (*Id.*) In other words, the proposed motions are incomplete; the Court cannot rule on them; and, it would

---

[6] Defendant Aragon does make much of the fact that many different judges have been assigned to these four cases. (Doc. 60 at 3-11.) However, Defendant Aragon never argues—nor could he reasonably do so—that the assignment of different judges in any way impeded his ability to take discovery.

7

be pointless to allow Defendant Aragon to file them.[7] There is certainly no good cause to reopen the dispositive motions deadline where, as here, the dispositive motions to be filed are mere place holders and will accomplish nothing. For all of the above reasons, the Court will deny Defendant Aragon's motion to file his four proposed dispositive motions out of time.

The Court will also deny that portion of Defendant Aragon's Motion for Leave seeking reconsideration of the Court's Order Denying Motion to Reopen, which Defendant Aragon styles as a motion "for [e]ntry of an [a]mended [s]cheduling [o]rder [c]onsistent with [c]onsolidation of [c]ases."[8] (Doc. 60 at 1.) A motion for reconsideration is appropriate "when the court has misapprehended the facts, a party's position, or the law." *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014). Grounds warranting such a motion include "the need to correct clear error or prevent manifest injustice." *Id.* The Court will not reconsider what it has already carefully considered. Defendant Aragon's motion does not demonstrate that the Court misapprehended the law, the facts, or the parties' positions. Accordingly, the Court stands by its previous ruling.

Defendant Aragon asserts that the Court's Order Denying Motion to Reopen was "needlessly draconian." (Doc. 60 at 13.) However, the Court has already discussed why requiring adherence to reasonable case management deadlines, far from being needless, is essential to the "just, speedy, and inexpensive" resolution of the cases on the Court's docket. Fed. R. Civ. P. 1. It is particularly important in a case like this one, which is already well over a year old with no end in sight. To adopt Defendant Aragon's proposal, which is essentially to

---

[7] Adding to the pointlessness of the exercise, Plaintiffs state that they cannot respond to Defendant Aragon's proposed dispositive motions until they have taken discovery (Doc. 65 at 2-3), which they cannot do until Defendant Aragon's Qualified Immunity Motion is resolved.

[8] The Court construes this portion of Defendant Aragon's motion as seeking reconsideration of the Court's Order Denying Motion to Reopen because it seeks the same relief as the CYFD Defendants' Motion to Reopen, *i.e.*, an entirely new set of deadlines for the disclosure of experts, the completion of an "enlarged" discovery period, and the filing of discovery and pretrial motions. (Doc. 60 at 1, 15.)

start the case over once the Court rules on his Qualified Immunity Motion, would create an indefinite, extensive, unnecessary, and untenable delay in getting the case resolved. The maxim "justice delayed is justice denied" may be old and trite, but it is also true, and Defendant Aragon's plan would undoubtedly make this case an example of it, to the detriment of all concerned.

Moreover, the Court in its Order Denying Motion to Reopen, far from being draconian, accommodated the parties' need for additional discovery as far as it could without completely abandoning its case management deadlines and the good-cause standard required to modify them. The Court is aware that the somewhat unusual procedural posture of the case appears to have caused all counsel to mistakenly assume that the Consolidated Scheduling Order was meaningless. (Doc. 65 at 2.) However, as noted above, a "mistake of counsel" is insufficient to constitute good cause, *Mann*, 615 F. Supp. 2d at 1285; and, counsel's mistake here was not an objectively reasonable one. The Court will therefore deny Defendant Aragon's motion seeking reconsideration of the Court's Order Denying Motion to Reopen.

IT IS THEREFORE ORDERED that Defendant Aragon's Motion for Leave to File Dispositive Motions and for Entry of an Amended Scheduling Order Consistent with Consolidation of Cases and Brief in Support (Doc. 60) is DENIED.

IT IS SO ORDERED.

KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE