**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

EDUARDO LUCERO,
    Plaintiff,

vs.   No. CIV-14-00393-KG-KK

ALBERT OLIVAS, DAVID PENA, DWANE PENA,
SILVERIO PENA, MICHAEL GILBERT,
EDDIE ARAGON, JR., GILBERT MARTINEZ,
MATHEW STEPHENSON, JOHN DOE, JANE DOE,
JOHN P. SWEENEY and YOLANDA BERUMEN-DEINES
each in their individual capacities, and the NEW MEXICO
CHILDREN, YOUTH AND FAMILIES DEPARTMENT,
    Defendants.

*Consolidated with:*

ISAAC RAMIREZ,
    Plaintiff,
vs.   No. CIV-14-00394-KG-KK

OLIVAS, *et al.*,
    Defendants.

*Consolidated with:*

JACOB GONZALES,
    Plaintiff,
vs.   No. CIV-14-00395-KG-KK

OLIVAS, *et al.*,
    Defendants.

*Consolidated with:*

DANTE WOODS,
    Plaintiff,
vs.   No. CIV-14-00396-KG-KK

OLIVAS, *et al.*,
    Defendants.

## **ORDER**

    This matter comes before the Court on Defendant Eddie Aragon Jr.'s (Defendant Aragon) Motion for Judgment on the Pleadings and for Stay of Discovery, filed January

22, 2015.¹ (Doc. 37). On December 23, 2013, Plaintiff responded and Defendants replied on February 10, 2014. (Docs. 38 and 47). Plaintiffs' response addresses Defendant Aragon's contentions that Plaintiffs' Complaints are factually and legally insufficient to meet their burden of pleading for the state and federal claims. With respect to the state claims pursuant to the New Mexico Tort Claims Act (TCA), Plaintiffs assert that material facts are in dispute as to whether Defendant Aragon is a "law enforcement officer" within the purview of the TCA. The TCA defines "law enforcement officer" as:

> A full-time salaried public employee of a governmental entity or a certified part-time salaried police officer employed by a governmental entity, whose principal duties under law are to hold in custody any person accused of a criminal offense, to maintain public order or to make arrests for crimes . . . .

NMSA 1978, § 41-4-3(D). Defendant Aragon, in reply, contends for the first time that the Court may take judicial notice that the Youth and Families Department's Youth Diagnostic and Development Center (YDDC), in Albuquerque, New Mexico, is a facility that houses adjudicated delinquents and, therefore, Defendant Aragon is not a "law enforcement officer" under the TCA.²

In regard to Plaintiffs' Section 1983 claims, Defendant Aragon, for the first time in his reply argues that Plaintiffs Woods' and Gonzales' Complaints fail to plead the requisite mental state for the alleged Eighth Amendment violation. Furthermore, that Plaintiffs Woods' and Gonzales' Complaints do not plead sufficient factual allegations

---

¹ On June 5, 2015, the Court denied Defendant Eddie Aragon, Jr.'s Motion for Stay of Discovery. (Doc. 53).

² The Court notes Defendant's reply brief violates D.N.M.LR-Civ. 7.5, by utilizing 1.5 spacing. It is clear that had Defendant complied with the double spacing requirement in D.N.M.LR-Civ. 7.5, he would have violated the 12-page limit for replies beyond the reply brief's currently excessive 12.5 pages. Although this Court, at times, is willing to excuse instances of noncompliance with the local rules—Defendant's action without leave of the Court here is highly questionable. The Court cautions Defendant that additional gamesmanship will cause a brief to be stricken.

that the force was not reasonably related to legitimate penological interests.

The Tenth Circuit Court of Appeals has held that, when a district court accepts a reply brief from a movant that contains new material or argument, the court must either: (1) permit a surreply from the nonmovant, or (2) refrain from relying on the new material or argument in ruling on the motion.  *See Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1164 (10th Cir. 1998).  Because Defendant raises new plausibility arguments with respect to Plaintiffs' state law claims and Plaintiffs Gonzales' and Woods' Section 1983 claim in the reply for the first time, the Court *sua sponte* permits Plaintiffs, should they choose to do so,  to file a surreply, within ten (10) days of the filing of this Order, to address:  (1) whether the Court may take judicial notice that the YDDC houses only adjudicated delinquents and, thus, Defendant Aragon does not fall within the purview of the definition of a "law enforcement officer;" (2) whether Plaintiffs Gonzales' and Woods' Complaints fail to plead the requisite mental state for the alleged Eighth Amendment violation; and (3) whether Plaintiffs Gonzales' and Woods' Complaints fail to sufficiently plead that the force was not reasonably related to legitimate penological interests.  *See Callies v. Lane*, 2013 WL 5781147 (D. Colo. Oct. 25, 2013) (court *sua sponte* allowed party to file surreply).

IT IS THEREFORE ORDERED that Plaintiffs may file a surreply limited to Defendant Aragon's newly raised arguments addressed above within ten (10) days of the filing of this Order.  Plaintiffs' surreply may not exceed twelve (12) double-spaced pages.

_____
UNITED STATES DISTRICT JUDGE