sIN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EDUARDO LUCERO,
     Plaintiff,

vs.                                                No. CIV-14-00393-KG-KK

ALBERT OLIVAS, DAVID PENA, DWANE PENA,
SILVERIO PENA, MICHAEL GILBERT,
EDDIE ARAGON, JR., GILBERT MARTINEZ,
MATTHEW STEPHENSON, JOHN DOE, JANE DOE,
JOHN P. SWEENEY and YOLANDA BERUMEN-DEINES
each in their individual capacities, and the NEW MEXICO
CHILDREN, YOUTH AND FAMILIES DEPARTMENT,
     Defendants.

                                       *Consolidated with:*

ISAAC RAMIREZ,
     Plaintiff,
vs.                                                No. CIV-14-00394-KG-KK

OLIVAS, *et al.*,
     Defendants.

                                       *Consolidated with:*

JACOB GONZALES,
     Plaintiff,
vs.                                              No. CIV-14-00395-KG-KK

OLIVAS, *et al.*,
     Defendants.

                                       *Consolidated with:*

DANTE WOODS,
     Plaintiff,
vs.                                            No. CIV-14-00396-KG-KK

OLIVAS, *et al.*,
     Defendants.

## MEMORANDUM OPINION AND ORDER

     THIS MATTER comes before the Court upon Supervisors' Motion to Dismiss Plaintiffs'

Complaint for Civil Rights Violations Based on Qualified Immunity (Supervisors' Motion to

Dismiss), filed August 19, 2015.  (Doc. 70).  On September 15, 2015, Plaintiffs responded and Defendants replied on October 9, 2015.  (Docs. 79 and 83).  Having considered Supervisors' Motion to Dismiss, the corresponding briefs, the applicable law and for the reasons set forth below, the Court holds Supervisors' Motion to Dismiss in abeyance.

A.  *Factual Background*

The following background information comes from the well-pleaded facts included in Plaintiffs' Complaints.  Compl. (Doc. 1-1) at 1, *Lucero v. Olivas, et al.*, No. 14-CV-00393 (hereinafter *Lucero* Compl.); Compl. (Doc. 1-1) at 1, *Ramirez v. Olivas, et al.*, No. 14-CV-00394 (hereinafter *Ramirez* Compl.); Compl. (Doc. 1-1) at 1, *Gonzales v. Olivas, et al.*, No. 14-CV-00395 (hereinafter *Gonzales* Compl.); Compl. (Doc. 1-1) at 1, *Woods v. Olivas, et al.*, No. 14-CV-00396 (hereinafter *Woods* Compl.).

a.  *Common Allegations*

In January and February 2012, Plaintiffs—children from Las Cruces, New Mexico—were transferred to the New Mexico Children, Youth, and Families Department's (CYFD) Albuquerque facility, the Youth Diagnostic & Development Center (YDDC), from the Las Cruces facility for rehabilitation.[1]  While in custody at the YDDC, Defendants Albert Olivas, David Pena, Dwane Pena, Michael Gilbert, Eddie Aragon, Jr., Gilbert Martinez, Matthew Stephenson, John Doe, and Jane Doe (Defendants Youth Care Specialists) repeatedly denied Plaintiffs access to adequate or sufficient amounts of food.  When Plaintiffs informed Defendants Youth Care Specialists that they were not receiving food on a regular basis, Plaintiffs were told by Defendants Youth Care Specialists, "That is too bad!  It's just the way it is here."[2]  *Lucero*

---

[1]  Plaintiff Woods' Complaint, 14-cv-396 (Doc. 1-1) at ¶ 23, does not specifically state that Plaintiff Woods was transferred from the Las Cruces, New Mexico, facility.  This fact, however, is undisputed.  *See* (Doc. 69) at 2 n.1.

[2]  It is unclear from Plaintiffs' Complaints whether Defendants Youth Care Specialists stated the aforementioned

Compl. ¶ 26; *Ramirez* Compl. ¶ 26; *Gonzales* Compl. ¶ 26; *Woods* Compl. ¶ 28.  Defendants Youth Care Specialists were also aware that children from Albuquerque, New Mexico, were taking Plaintiffs' food as a form of "rent."  *Lucero* Compl. ¶ 26; *Ramirez* Compl. ¶ 26; *Gonzales* Compl. ¶ 26; *Woods* Compl. ¶ 28.  As a result, Plaintiff Lucero lost approximately twenty (20) pounds of his body weight during his three month stay at YDDC.  Plaintiff Ramirez lost between fifteen (15) and twenty (20) pounds of his body weight over the same time period.  Plaintiff Gonzales lost approximately twenty (20) to twenty-five (25) pounds of his body weight over a two month period.  And, Plaintiff Woods lost approximately ten (10) to fifteen (15) pounds of his body weight over a two month period.

Also during Plaintiffs' rehabilitation at the YDDC, Defendants Youth Care Specialists routinely denied Plaintiffs access to the restroom for three (3) to five (5) hours.  Children from Albuquerque, on the other hand, were permitted unrestricted restroom access.  Consequently, Plaintiffs regularly urinated in their drinking cups.

### b. *Plaintiffs Lucero, Ramirez, and Gonzales*

At some point during their two to three month stay at YDDC, Plaintiffs Lucero, Ramirez, and Gonzales were attacked by nine (9) children from Albuquerque.  Defendants Youth Care Specialists allegedly facilitated the attacks because Plaintiffs were from Las Cruces.  Midst the attacks, Defendant Albert Olivas (Defendant Olivas) grabbed Plaintiff Gonzales by the neck and threw him on the ground, inflicting further injury and allowing the Albuquerque children to inflict more physical damage.  Contemporaneously, Defendant Matthew Stephenson (Defendant Stephenson) restrained Plaintiff Ramirez, which allowed the Albuquerque children to inflict additional physical damage to Plaintiff Ramirez.  Following the attack, Defendant Stephenson

---

remark.  Plaintiffs' nomenclature repeatedly interchanges from "Defendants Youth Care Specialists" to "Defendants."

threw Plaintiff Ramirez to the ground.  Plaintiff Lucero was also restrained by unidentified "Defendants," who aided in the attack.

Following the attack, Defendant Olivas restrained and dragged Plaintiffs to their cells. Defendant Olivas then threw Plaintiffs on to the cement floors in their cells—causing Plaintiffs' to strike their heads on the floor—and stated, "Las Cruces kids are a bunch of pu****s!"  *Lucero* Compl. ¶ 34; *Ramirez* Compl. ¶ 33; *Gonzales* Compl. ¶ 33.  Defendant Olivas also ordered Plaintiffs to remain in their cells for seventy-two (72) hours without a hearing regarding the attack.  Defendants Youth Care Specialists, meanwhile, held a pizza party for the Albuquerque children who attacked Plaintiffs.  Sometime thereafter, YDDC personnel reviewed the video footage of the attack and determined that Plaintiffs were the victims and, thus, no further disciplinary actions were taken against Plaintiffs.  It is also alleged that no administrative disciplinary action was taken against Defendants Youth Care Specialists.

Plaintiffs further allege that Defendants Youth Care Specialists permitted children from Albuquerque to take Plaintiffs' mail and stamps.  Plaintiffs also allege that their mothers visited them at YDDC and noticed Plaintiffs' weight loss and bruising.  Ms. Gabriela Sagarnaga (Ms. Sagarnaga), Plaintiff Lucero's mother, contacted Mr. Rudy Martinez, Plaintiff Lucero's Juvenile Probation Officer, to complain about her son's care and treatment.  CYFD did not follow up on the allegations.

At some point, Plaintiffs Lucero and Ramirez were forced to strip off their clothing and bend over with their buttocks spread apart.  When Plaintiff Lucero stripped, Defendant Michael Gilbert (Defendant Gilbert) stood behind him and simulated anal sex in front of other children while stating to Plaintiff Lucero, "You're a fa**ot!  You are ready to give it up to me!"[3]  *Lucero*

---

[3] It is unclear from the record whether some or all of Defendants Youth Care Specialists were present.  *Lucero* Compl. ¶ 28.

Compl. ¶ 27.  During Plaintiff Ramirez's incident, Defendant Gilbert Martinez (Defendant Martinez) stood behind Plaintiff Ramirez and made loud lewd sexual comments that were heard by other individuals.  Plaintiffs further allege that "Defendants Youth Care Specialists have carried out several instances of simulated anal sex with completely nude Las Cruces children." *Lucero* Compl. ¶ 29, *Ramirez* Compl. ¶ 29.

During Plaintiff Gonzales' stay at the YDDC, Defendant Eddie Aragon Jr. (Defendant Aragon) punched Plaintiff Gonzales, threw him to the cement ground, and then threw him into the window of Plaintiff Gonzales' cell because Defendant Aragon believed Plaintiff was singing. After the incident, Defendant Aragon approached Plaintiff Gonzales from behind while Plaintiff Gonzales was showering.  Defendant Aragon instructed Plaintiff Gonzales not to speak to police regarding the incident.  Defendant Aragon then shoved Plaintiff Gonzales against the shower wall, struck his face, and pressed his body against Plaintiff Gonzales' genitals.

   *c. Plaintiff Woods*

Plaintiff Woods alleges that while in his cell at the YDDC, Defendant Aragon entered the vicinity and began shouting "Shut the f*** up!" and "Stop making noise you stupid f******!" to all of the children in the area.  *Woods* Compl. ¶ 29.  Defendant Aragon then entered a nearby cell and attacked a sixteen (16) year-old male because Defendant Aragon thought the boy was singing.  Next, Defendant Aragon entered Plaintiff Woods' cell.  Plaintiff Woods was sitting on his bed reading a book.  Defendant Aragon, without provocation, choked Plaintiff Woods by squeezing his neck.  Defendant Aragon also punched Plaintiff Woods in the face, temple, and body, and then threw Plaintiff Woods to the cement ground within the cell.  After the incident, Defendant Aragon shouted at Plaintiff Woods, "This isn't over! I am going to get you!"  *Id.* at ¶ 33.

Plaintiff Woods further alleges that following the incident Defendant Aragon was not segregated from the children at YDDC by Defendant Olivas. Rather, Defendant Aragon had access to the children and, shortly after the incident, attacked another boy in the shower. Plaintiff Woods also contends that Defendant Aragon ordered two boys to attack him. Finally, Plaintiff Woods states that CYFD hired Defendant Aragon in spite of Defendant Aragon's criminal record of aggravated assault and past gang membership and involvement.

### B. Procedural History

In January 2014, Plaintiffs filed their individual Complaints in the First Judicial District Court, County of Santa Fe, State of New Mexico. *See Lucero* Compl.; *Ramirez* Compl; *Gonzales* Compl.; *Woods* Compl. On April 28, 2014, Defendants removed this case to federal court. *See* Notice of Removal (Doc. 1), *Lucero v. Olivas, et al.*, No. 14-CV-00393; Notice of Removal (Doc. 1), *Ramirez v. Olivas, et al.*, No. 14-CV-00394; Notice of Removal (Doc. 1), *Gonzales v. Olivas, et al.*, No. 14-CV-00395; Notice of Removal (Doc. 1), *Woods v. Olivas, et al.*, No. 14-CV-00396. On January 14, 2015, this Court consolidated the aforementioned cases for purposes of deciding the pending dispositive motions. (Doc. 36), *Lucero v. Olivas, et al.*, No. 14-CV-00393; (Doc. 15), *Ramirez v. Olivas, et al.*, No. 14-CV-00394; (Doc. 20), *Gonzales v. Olivas, et al.*, No. 14-CV-00395; (Doc. 16), *Woods v. Olivas, et al.*, No. 14-CV-00396.

Plaintiffs bring the consolidated lawsuits against Defendants for alleged violations pursuant to 42 U.S.C. § 1983 and the New Mexico Tort Claims Act (NMTCA), NMSA 1978, § 41-4-1 *et seq.* In Count I, Plaintiffs state a Section 1983 claim for violation of the Eighth Amendment. In Count II, Plaintiffs assert a Section 1983 procedural due process claim under the Fourteenth Amendment.

In Count III, Plaintiffs allege a Section 1983 claim for supervisory liability under the

Eighth Amendment.  Count III is specifically asserted against Defendants Silverio Pena, John P. Sweeney (Sweeney), Yolanda Berumen-Deines (Berumen-Deines), in their individual capacities, and CYFD.

In Count IV, Plaintiffs bring a Section 1983 claim for failure to train and supervise under the Eighth and Fourteenth Amendments.  Defendants Silverio Pena, Sweeney, Berumen-Deines, in their individual capacities, and CYFD are named in Count IV.

In Count V, Plaintiffs allege state tort claims of assault, battery, false imprisonment, and negligence *per se* pursuant to NMSA 1978, § 30-6-1 D(1)–(2) (Crimes Against Children) and NMSA 1978, §§ 30-6a-1 to 30-6a-4 (Sexual Exploitation of Children).

In Count VI, Plaintiffs assert a state tort claim of "negligent operation or maintenance of a public building" pursuant to NMSA 1978, § 41–4–6, against Defendants Silverio Pena, Sweeney, Berumen-Deines, in their individual capacities, and CYFD.

Finally, in Count VII, Plaintiffs state a claim of negligence resulting in intentional torts and negligence *per se* against Defendants Silverio Pena, Sweeney, Berumen-Deines, in their individual capacities, and CYFD.

Defendants Olivas, Gilbert, Martinez, David Pena, Dwane Pena, Matthew Stephenson, Silverio Pena, Sweeney, Berumen-Deines, John Doe, and Jane Doe, in their individual capacities, and, CYFD move to dismiss Count VI for failure to state a claim upon which relief can be granted.  Plaintiffs oppose Defendants' Motion to Dismiss Premises Liability Claims in its entirety.

*C.  Standard of Review*

In ruling on a Rule 12(b)(6) motion to dismiss, the Court must accept all well-pleaded allegations as true and must view them in the light most favorable to the plaintiff.  *See Zinermon*

*v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984).  Rule 12(b)(6) requires that a complaint set forth the grounds of a plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege facts sufficient to state a plausible claim of relief.[4]  *Id*. at 570.  A claim is facially plausible if the plaintiff pleads facts sufficient for the Court to reasonably infer that the defendant is liable for the alleged misconduct.  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  Granting a Rule 12(b)(6), however, "is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice."  *Cayman Exploration Corp. v. United Gas Pipe Line Co.*, 873 F.2d 1357, 1359 (10th Cir. 1989) (quotation omitted).

When a defendant moves to dismiss on the basis of a qualified immunity defense, the Court conducts a two-part inquiry to determine whether a defendant is entitled to qualified immunity.  First, the court must determine whether the plaintiff has sufficiently alleged a violation of federal law.  *Currier v. Doran*, 242 F.3d 905, 917 (10th Cir. 2011) (citations omitted).  If the plaintiff's complaint adequately alleges such a violation, the court then examines whether "the right was sufficiently clear that a reasonable official would have understood that his conduct violated the right."  *Id.* at 923 (citation omitted).  "Ordinarily, in order for the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the

---

[4]  Notably, Plaintiffs contend the proper standard for a Rule 12(b)(6) motion is that the motion must be denied "unless it appears beyond doubt that a plaintiff can prove no set of facts that would entitle him to relief."  (Doc. 79) at 2 (citing *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957); *Calderon v. Kan. Dep't of Social & Rehabilitative Servs.*, 181 F.3d 1180, 1183 (10th Cir. 1999)).  In light of *Twombly* and its progeny, the Court will not entertain Plaintiffs' proffered legal standard.

clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." *Medina v. City & Cnty. Of Denver*, 960 F.2d 1493, 1498 (10th Cir. 1992) (citation omitted).  The court does not apply a heightened pleading standard in the context of a qualified immunity defense raised in a motion to dismiss.  *Currier*, 242 F.3d at 916–17.

    *D.  Discussion*

        Defendants Silverio Pena, Sweeney, Berumen-Deines, John Doe, and Jane Doe, in their individual capacities,  contend Plaintiffs' Eighth Amendment and Fourteenth Amendment claims in Counts I–IV are subject to dismissal because Plaintiffs have not sufficiently alleged a constitutional violation.  Defendants do not dispute that Plaintiffs' Eighth and Fourteenth Amendment rights were sufficiently clear at the time of the alleged incidents.  Accordingly, the Court examines only whether Plaintiffs sufficiently pled constitutional violations in Counts I–IV.

        As a preliminary issue, however, the Court finds that Plaintiffs' Complaints do not sufficiently provide notice of Defendants' individual liability.  "Context matters in notice pleading.  Fair notice under Rule 8(a)(2) depends on the type of case."  *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (citation omitted).  The Tenth Circuit has specifically stated  that in Section 1983 cases, "it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective actions against the state. *Id.* (emphasis in original).  "[T]he burden rests on the plaintiffs to provide fair notice of the grounds for the claims made against *each* of the defendants."  *Id.* (emphasis added).  Where a complaint uses "either the collective term 'Defendants' or a list of the defendants named individually but with no distinction as to what acts are attributable to whom," the plaintiff's burden to provide fair notice is not met, as the defendants cannot "ascertain what particular

unconstitutional acts they are alleged to have committed." *Id.*

In this matter, Plaintiffs' Complaints are similar to the generic complaints at issue in *Robbins*. In *Robbins*, the plaintiffs' complaint failed to allege the unconstitutional acts of each defendant. *Id.* at 1250. Here, Plaintiffs fail to allege with any specificity the Eighth Amendment and Fourteenth Amendment claims attributable to Defendants. In fact, Defendants are not specifically named anywhere in the general factual allegation section of Plaintiffs' Complaints. Nor do Plaintiffs' Complaints provide fair notice as to the grounds for violating Plaintiffs' rights as all allegations are pled against Defendants collectively or against other named Defendants. Indeed, Plaintiffs only name Defendants in the actual titles of Count III and Count IV. Accordingly, Plaintiffs have failed to provide fair notice of the grounds for the claims made against Defendants, and dismissal of Plaintiffs' claims in Counts I–IV against Defendants are warranted on that ground.

The Court notes, however, that Defendants raised the issue of notice for the first time in their reply brief. The Court, therefore, finds that Plaintiffs may amend their Complaints to rectify the notice deficiency in their pleadings. The Court prefers, in the interest of justice, to rule on the merits of Plaintiffs' claims in Counts I–IV. The Court, thus, will hold the instant motion in abeyance. Plaintiffs may seek leave to amend their claims in Counts I–IV within seven (7) days from the filing of this Memorandum Opinion and Order. If Plaintiffs do not so move, the Court will rule on Defendants' pending Motion to Dismiss based on the original Complaints. Due to the current notice deficiency, the Court will be inclined to dismiss Plaintiffs' Complaints against Defendants' for failure to sufficiently provide notice of Defendants' individual liability.

IT IS, THEREFORE, ORDERED that:

1. Supervisors' Motion to Dismiss Plaintiffs' Complaint for Civil Rights Violations Based on Qualified Immunity, (Doc. 70), is held in abeyance;

2. Plaintiffs have seven (7) days from the date of this Order to move for leave to amend their Complaints with respect to their claims in Count I–IV;

3. If Plaintiffs do so move, Plaintiffs must attach to their motion a proposed amended complaint and Plaintiffs will bear the burden of establishing that their proposed amendments would not be futile;

4. Defendant Eddie Aragon Jr. shall have ten (10) days to respond;

5. Plaintiffs shall have three (3) days to reply; and

6. If Plaintiffs do not move for leave to amend within seven (7) days of the date of this Order, the Court will be inclined to dismiss Counts I–IV with prejudice for failure to provide notice.


_____
UNITED STATES DISTRICT JUDGE

11