IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EDUARDO LUCERO,
    Plaintiff,

vs.  No. CIV-14-00393-KG-KK

ALBERT OLIVAS, DAVID PENA, DWANE PENA,
SILVERIO PENA, MICHAEL GILBERT,
EDDIE ARAGON, JR., GILBERT MARTINEZ,
MATTHEW STEPHENSON, JOHN DOE, JANE DOE,
JOHN P. SWEENEY and YOLANDA BERUMEN-DEINES
each in their individual capacities, and the NEW MEXICO
CHILDREN, YOUTH AND FAMILIES DEPARTMENT,
    Defendants.  *Consolidated with:*

ISAAC RAMIREZ,
    Plaintiff,
vs.  No. CIV-14-00394-KG-KK

OLIVAS, *et al.*,
    Defendants.  *Consolidated with:*

JACOB GONZALES,
    Plaintiff,

vs.  No. CIV-14-00395-KG-KK

OLIVAS, *et al.*,
    Defendants.  *Consolidated with:*

DANTE WOODS,
    Plaintiff,

vs.  No. CIV-14-00396-KG-KK
OLIVAS, *et al.*,
    Defendants.

ORDER

This matter comes before the Court upon Youth Care Specialists'[1] Motion for Leave to File Out of Time Their Motion for Partial Summary Judgment on Plaintiffs' State Law Tort Claims Under the New Mexico Tort Claims Act (Motion to Extend Time), filed on May 19, 2017. (Doc. 118). Plaintiffs filed a response on June 2, 2017, and Youth Care Specialists filed a reply on June 14, 2017. (Docs. 121 and 122). Having considered the Motion to Extend Time and the accompanying briefing, the Court grants the Motion to Extend Time.

Youth Care Specialists' proposed motion for summary judgment addresses the issue of whether they qualify as "law enforcement officers" under the New Mexico Tort Claims Act (NMTCA), an issue critical to deciding whether the NMTCA claims against them survive and should be tried. Plaintiffs oppose allowing Youth Care Specialists to file the proposed motion for summary judgment under Fed. R. Civ. P. 16(b)(4).

Rule 16(b)(4) allows the Court to extend a scheduling deadline, like the deadline for filing dispositive motions, only for good cause. The good cause inquiry focuses on whether the party seeking an extension of time could not meet the scheduling deadline despite the party's diligent efforts. *Advanced Optics Elecs., Inc. v. Robins*, 769 F. Supp. 2d 1285, 1313 (D.N.M. 2010).

Plaintiffs contend that Youth Care Specialists do not meet the good cause requirement, because they did not need any additional discovery to support their proposed motion for summary judgment and, thus, could have filed the motion in a timely manner. Youth Care

---

[1] "Youth Care Specialists" refers to Defendants Albert Olivas, David Pena, Dwane Pena, Michael Gilbert, Gilbert Martinez, and Matthew Stephenson.

Specialists counter that they do have good cause to extend the time to file their proposed motion for summary judgment.

Youth Care Specialists note that in June 2015 the parties filed an Unopposed Motion to Extend Discovery Deadlines and Deadlines to File Dispositive Motions (Doc. 52). The parties stated in their motion that they filed an unopposed motion to consolidate in November 2014; the Court held a hearing on that matter; and the Court granted the motion to consolidate on January 14, 2015. (Doc. 52) at 2. At that point in time, the discovery deadline of January 12, 2015, had just passed, and dispositive motions were due on February 12, 2015. *Id.* The parties further stated that as of June 2015 no discovery had taken place and no dispositive motions had been filed. *Id.* The parties explained that they did not move the case forward "believing that the length of time spent waiting for a decision by the trial court [on the motion to consolidate] in effect rendered the underlying deadlines moot." *Id.* The parties, therefore, sought a new scheduling order. The Magistrate Judge denied the unopposed motion to extend deadlines, but allowed (1) a discovery period of 47 days, and (2) Youth Care Specialists to file motions for leave to file dispositive motions out of time by June 24, 2015. (Doc. 56) at 2.

The Magistrate Judge subsequently permitted Youth Care Specialists to file a motion to dismiss the NMTCA claims, which they did in August 2015. (Docs. 68 and 71). The Court denied this motion to dismiss. (Doc. 90) at 12. More than a year later, the 47-day period of discovery began to run on February 1, 2017. (Doc. 102). In March 2017, the Magistrate Judge also extended the time for taking depositions to May 1, 2017. (Doc. 111).

The foregoing procedural history demonstrates good cause for extending Youth Care Specialists' deadline to file their proposed motion for summary judgment. Considering that the 47-day discovery period did not begin to run until February 2017, well after the June 2015

3

deadline for filing motions for leave to file dispositive motions out of time, and that the Magistrate Judge extended the deposition deadline to May 1, 2017, Youth Care Specialists could not be expected to assess whether to prepare a motion for summary judgment until discovery was completed in 2017. That the discovery may not have revealed much in the way of new evidence does not invalidate a decision to wait until discovery is complete to prepare a motion for summary judgment. Hence, Youth Care Specialists acted diligently in filing this Motion to Extend Time on May 19, 2017, and so has provided good cause to grant the Motion to Extend Time. The Court further finds that the interests of justice and judicial economy are served by allowing Youth Care Specialists to file their proposed motion for summary judgment out of time.

IT IS ORDERED that

1. Youth Care Specialists' Motion for Leave to File Out of Time Their Motion for Partial Summary Judgment on Plaintiffs' State Law Tort Claims Under the New Mexico Tort Claims Act (Doc. 118) is granted;

2. on or before July 7, 2017, Youth Care Specialists will file their proposed motion for summary judgment;

3. Plaintiffs may file a response no later than July 21, 2017; and

4. Youth Care Specialists may file a reply no later than August 4, 2107.

_____
UNITED STATES DISTRICT JUDGE